UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-60100-CIV-GRAHAM/O'SULLIVAN

LOUICENE DANIEL, on his own behalf
and others similarly situated,

      Plaintiff,

v.

EXTREME EXCAVATING, INC.,
a Florida Corporation, and
EDWARD JOHNSON, individually,

      Defendants.
_____/

## MOTION TO ENFORCE SETTLEMENT AGREEMENT
## AND FOR ENTRY OF JUDGMENT FOR PLAINTIFF

Plaintiff, LOUICENE DANIEL, by and through his undersigned attorneys and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, requests the entry of an Order compelling Defendants, EXTREME EXCAVATING, INC., and EDWARD JOHNSON, individually, to comply with the Parties' Settlement Agreement and for the Entry of Judgment for Plaintiff, and states:

1. The parties reached a settlement agreement which was fully executed by May 3, 2007. See Exhibit A,   Ultimately, Defendants have not made the required settlement payment, the first of which was due on or before May 27, 2007, and counsel for Defendants has not responded to Plaintiff's inquiries into status of payment.

2. Pursuant to the Settlement Agreement, Plaintiff requests this Court compel Defendants to pay the first installment of $7,000.00 immediately and/or

liquidated the entire sum of $14,000.00 in a judgment payable to Plaintiff, and for such other further relief as this Court deems just and proper.

3. In addition, pursuant to the terms of the Settlement Agreement, Plaintiff requests the additional fees and costs associated with enforcing the Agreement, specifically the attorney's fees incurred in researching and preparing this Memorandum and the Reply, if any. The Shavitz Law Group charges $325.00 per hour for the services of Gregg I. Shavitz, who incurred 3 hours of attorney time to date in connection with this Motion. Accordingly, an additional $975.00 in attorney's fees is requested.

4. Pursuant to Local Rule 7.1 counsel for the Plaintiff certifies that he has contacted counsel for the Defendants in a good faith effort to resolve the issues raised by this Motion. Counsel for the Plaintiff represents that the parties were not able to resolve the Motion due to no return calls from counsel for Defendants.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter compelling Defendants to comply with the terms of the Settlement Agreement.

## MEMORANDUM OF LAW

### I.

### THE SETTLEMENT AGREEMENT MUST BE ENFORCED ACCORDING TO ITS TERMS

District courts have the power to enforce settlement agreements reached in cases pending before them. Ford v. Citizens & Southern National Bank, 928 F.d 1118, 1121

(11th Cir. 1991), (citing Cia Anon Venezolana de Navegacion v. Harris, 374 F.2d 33, 36 (5th Cir. 1967)); Mid-South Towing Company v. Har-Win, Inc., 733 F.2d 386, 389 (5th Cir. 1984).  As the Eleventh Circuit Court of Appeals held in Murchison v. Grand Cypress Hotel Corp., 13 F.3rd 1483, 1486 (11th Cir. 1994):

> A number of courts have recognized the authority of a trial court to summarily enforce a settlement agreement without an evidentiary hearing.

Courts favor settlement to conserve judicial resources.  Murchison v. Grand Cypress Hotel Corp., 13 F. 3d 1483, 1486 (11th Cir. 1994); see also, Bhadelia v. Marina Club of Tampa, HOA, Inc., 142 Fed. Appx. 399, 401 (11th Cir. 2005).  District courts have inherent authority to enforce settlement agreement in actions pending before them. South Beach Suncare, Inc. V. Sea & Ski Corp., 1999 U.S. Distr. Lexis 7902, *18 (S.D. Fla. 1999). The enforceability or validity of a settlement agreement is determined by federal law where the substantive rights in issue are derived from federal law. Mid-South 733, F.2d at 38; Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207 (5th Cir. 1981). Because the instant action is one arising under federal law, the Fair Labor Standards Act, the validity and enforceability of the Settlement Agreement is determined under federal law, not state law. Id.  Once the Court determines a settlement agreement is valid, such as the Settlement Agreement herein, the court applies state contract law to interpret and apply its terms.  Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985).  Therefore, the formation, construction and enforceability of a settlement agreement is governed by state contract law. Id.  (citations omitted).

Because settlement agreements enjoy a favored status under the law, a settlement agreement generally is not subject to repudiation. Konica Minolta Photo Imaging, USA, Inc., v. Sonman, Inc., 2005 U.S. Distr. Lexis 19866, *9 (M.D. Fla. 2005); Murchison, 13 F.3d at 1486.

In Reed by and Through Reed v. United States, 891 F.2d 878, 880-81 (11th Cir. 1990), the Eleventh Circuit held:

> A settlement agreement is as conclusive of the rights between the parties as a judgment.

Since settlements are highly favored in this Circuit as a means to conserve judicial resources and maintain the intent of parties who, through negotiation, have reached a common end, see Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483 (11th Cir. 1994); Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985), the agreement reached between the parties in this case may not be cast aside or re-written simply because Defendants would seemingly prefer to avoid their payment obligations. Thus, regardless of whether Defendants might now wish that their counsel had negotiated more specific, or more favorable terms of settlement such as a longer period over which to make payments it is never the role of a Court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bargain which one party later regrets having made. Barakat v. Broward County Hous. Auth., 771 So.2d 1193, 1195 (Fla. 4th DCA 2000). It is a well-settled contract principle under Florida law that "unexpected difficulty, expense, or hardship does not excuse a party from performance of its obligations under a contract." Stuart M. Burger, RPT, P.A. v.

Silverstein, Silverstein & Silverstein, P.A., 727 So. 2d 312 (Fla. 3d DCA 1999) (quoting Bumpy & Stimpson, Inc. v. Peninsula Utils. Corp., 169 So. 2d 499 (Fla. 3d DCA 1964)).

Thus, Defendants have no legal basis for their failure to comply with the payment terms of the Settlement Agreement.

## II.

## CONCLUSION

Federal law strongly encourages the enforcement of settlement agreements and allows parties to dishonor their settlements only where fraud or mutual mistake is clearly established. For the reasons set forth herein, Defendants, jointly and severally, should be compelled to comply with their obligations under the Settlement Agreement, within five (5) days of the date of the Court's Order on the Plaintiff's Motion, including such reasonable additional attorney's fees and costs incurred in bringing this Motion.

Dated: May 31, 2007                    Respectfully submitted,
       Boca Raton, Florida

                                       s/GREGG I. SHAVITZ
                                       Gregg I. Shavitz (Fl Bar No. 11398)
                                       E-mail:gshavitz@shavitzlaw.com
                                       SHAVITZ LAW GROUP, P.A.
                                       1515 S. Federal Highway, Suite 404
                                       Boca Raton, Florida 33432
                                       Telephone: 561-447-8888
                                       Facsimile: 561-447-8831
                                       Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2007 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on

the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                            **s/GREGG I. SHAVITZ**
                                                            Gregg I. Shavitz.

## SERVICE LIST
**Louicene Daniel v. Extreme Excavating, Inc.**
**CASE NO.: 07-60100-CIV-GRAHAM/O'SULLIVAN**
**United States District Court, Southern District of Florida**

Harry Winderman, Esq.                                     (CM/ECF)
HARRY WINDERMAN, P.A.
E-mail:  harry4334@hotmail.com
2255 Glades Road, Suite 218-A
Boca Raton, FL 33431
Telephone: 561-241-0332
Fax: 561-241-5266
Attorneys for Defendants, Extreme Excavating, Inc. and Edward Johnson