## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1. This Confidential Settlement Agreement and Full and Final Mutual Release of All Claims (hereinafter, the "Agreement") covers all understandings between Louicene Daniel (hereinafter referred to as "Daniel," a term which includes Daniel's successors, beneficiaries, and personal representatives) and Extreme Excavating, Inc., a Florida corporation, and Edward Johnson, and individual (hereinafter referred to as "Defendants," a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Daniel agrees as follows:

   A. To settle any and all claims and actions of any nature whatsoever between Daniel and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Daniel's previous relationship with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit, *Louicene Daniel v. Extreme Excavating, Inc. et al.*, Case No.: 07-60100-CIV-GRAHAM/O'SULLIVAN, pending in the United States District Court for the Souther District of Florida (the "Lawsuit"), including, without limitation, any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans's Readjustment Assistance Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Daniel waives and releases all similar rights and claims under all other federal, state and local discrimination provisions and all other statutory and common law causes of action relating in any way to Daniel's prior relationship with the Defendants, from the beginning of the world to the effective date of this Agreement.

   B. Daniel agrees to voluntarily dismiss the Lawsuit with prejudice. Accordingly, Daniel and Defendants will enter into and file a joint stipulation for dismissal with prejudice of the Lawsuit and, in connection therewith, will file a copy of this Agreement with the Court. In the stipulation for dismissal, moreover, Daniel and Defendants will request that the Court retain jurisdiction for enforcement of this Agreement. The parties further agree to take all other action required

The parties further agree to take all other action required by the Court to effectuate the dismissal of this case with prejudice.

    C.    To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Daniel's rights or of any duty owed by Defendants to Daniel.

    D.    That the below-referenced amount paid by Defendants represent a sum to which Daniel would not be entitled absent this Agreement.

    E.    Not to disclose the existence or contents of this Agreement to anyone except the attorney representing Daniel in this matter, Daniel's tax advisors or as compelled by force of law. In the event Daniel is compelled by force of law to disclose the contents of this Agreement, Daniel agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena. A breach of the confidentiality provision by Daniel or any other person to whom he has made a disclosure to pursuant to this Agreement shall be considered a material breach of this Agreement.

    F.    Daniel agrees and acknowledges that he shall not in the future provide any services to or be employed by Defendants in any capacity. Daniel further agrees and acknowledges that he will not knowingly accept, apply for, or otherwise seek employment with, or otherwise seek to perform services for Defendants at any time. In the event that Daniel is inadvertently employed by Defendants, he will promptly notify the employing person or entity of his obligation to resign from such employment, the employing entity shall have the right to require his resignation forthwith, and Daniel will have no claim against the employing person or entity for wrongful termination or any related or similar claim.

    G.    Daniel and Defendants agree that they will not make any disparaging or defamatory statements, whether written or verbal, regarding the other.

3.    For and in consideration for the promises made by Daniel in Paragraph 2 of this Agreement, Defendants agree to deliver the total amount of $14,500.00 to Shavitz Law Group, P.A. in the following manner:

    A.    On or before May 27, 2007, Defendants will deliver to Shavitz Law Group, P.A., a check in the gross amount of $7,000.00 dollars made payable to Shavitz Law Group, P.A. Trust Account.

B. On or before June 27, 2007, Defendants will deliver to Shavitz Law Group, P.A., a check in the gross amount of $2,500.00 dollars made payable to Shavitz Law Group, P.A. Trust Account.

C. On or before July 27, 2007, Defendants will deliver to Shavitz Law Group, P.A., a check in the gross amount of $2,500.00 dollars made payable to Shavitz Law Group, P.A. Trust Account.

D. On or before August 27, 2007, Defendants will deliver to Shavitz Law Group, P.A., a check in the gross amount of $2,500.00 dollars made payable to Shavitz Law Group, P.A. Trust Account.

4. Daniel acknowledges that he is solely responsible for any federal, state or local tax obligations arising out of the Agreement, except as to amounts received by Shavitz Law Group, P.A., and Defendants have made no representations to him regarding the tax consequences of the amount received by him pursuant to this Agreement.

5. In exchange for the consideration above, Defendants release Daniel from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Daniel's employment or any other matter, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents. Such is a general release from Defendants to Daniel.

6. In the event that Daniel or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, including, but not limited to, the provisions of Paragraph 2(E) above, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

7. Daniel and Defendants agree that this Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

8. This Agreement supersedes all prior agreements and understandings between Daniel and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in the Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Daniel and an authorized representative of Defendants.

9. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. This Agreement may be executed by fax and in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute the same Agreement.

11. The laws governing this Agreement shall be those of the United States and the State of Florida.

Date: 4-30-07    Signature: _____
                 Louicene Daniel
                 Plaintiff

Date: 4/30/07    Signature: _____
                 Maguene Dieudonne, Esq.
                 Plaintiff's Attorney

Date: 5/3/07     Signature: _____
                 Extreme Excavating, Inc.
                 Corporate Defendant

Date: 5/3/07     Signature: _____
                 Edward Johnson
                 Individual Defendant

Date: 5/3/07     Signature: _____
                 Harry Winderman, Esq.
                 Counsel for Defendant